COUNTY COMMISSIONERS — CONTRACTING FOR AMBULANCE SERVICE The Board of County Commissioners is limited in contracting with a city for county-wide ambulance service insofar as the contract shall provide for the carrying of liability insurance in such amount as may be fixed and provided for minimum standards of service and equipment. Additionally the Board of County Commissioners may enter into such contract only if prior to the passage of Section 371, the Board had attempted to contract for such service. Title 19 O.S. 381 [19-381] (1971) provides for a county-wide popular vote when making an extraordinary outlay of money. However since Section 19 O.S. 371 [19-371] authorizes the county to participate in a city-county ambulance service it is not an extraordinary outlay of money and must be provided for under the general operating budget of the county from tax levied in accordance with Article X, Section 9 of the Oklahoma Constitution. The Attorney General has considered your opinion request wherein, in effect, you ask the following questions: "1. Is the Board of County Commissioners limited by Title 19 O.S. 371 [19-371] (1971), in contracting with a city for county-wide ambulance service? "2. Is the Board of County Commissioners authorized by Title 19 O.S. 381 [19-381] (1971), to submit the county's participation in a countywide ambulance service to a popular vote and similarly submit to a county-wide popular vote an increase in mill levy to provide funds for expenses incurred by the county in its participation in a county-wide ambulance service?" Title 19 O.S. 371 [19-371] (1971), provides: "(a) The Board of County Commissioners of any county which had attempted to contract for ambulance services with any city, county, person, firm, corporation or combination of them prior to the enactment thereof is hereby authorized to contract for such services with any city, town, county, person, firm, or corporation or combination of them under such terms and conditions as may be agreed upon between the parties. Such contract shall provide for the carrying of liability insurance in such amount as may be fixed and may provide for minimum standards of service and equipment. ". . ." (Emphasis added) A plain reading of Section 371, supra, specified a limitation as to when a Board of County Commissioners might contract with a city for county-wide ambulance service. The statute specifies that in order for the Board of County Commissioners to have the power to enter into such contract, that Board must have at some time prior to the enactment of Section 371 attempted to contract for ambulance service with a city, county, person, firm, corporation, or combination of them. Section 19 O.S. 371 [19-371], supra, further limits the entering into such contracts by requiring insurance coverage must be provided. The Court has held in State v. Hunt, Okl., 286 P.2d 1088 (1955) in construing the word "shall": ". . .In the construction of statutes, the word `shall' is usually given its common meaning of `must' . . ." From reading the last sentence of Section 371, supra, it is clear that the Legislature made mandatory the carrying of liability insurance when a Board of County Commissioners enters into a contract for county-wide ambulance service. In response to your second question, 19 O.S. 381 [19-381] (1971) provides as follows: "They shall submit to the people of the county at any regular or special election any question involving any extraordinary outlay of money by the county or any expenditures greater in amount than can be provided for by the annual tax, or whether the county will construct any courthouse, jail or other public building or aid or construct any road or bridge, and may aid any enterprise designed for the county, whenever a majority of the people thereof shall authorize the same as hereinafter provided." (Emphasis added) Section 381, supra, provides for a vote of the people on questions involving extraordinary outlays of money. However, Section 371, supra, by statutorily authorizing the Boards of County Commissioner to enter into contracts for ambulance service, spending funds on such contract would not be an extraordinary outlay of money and would have to be funded from the general operating budget for the county. The general mill levy from which the county derives its operating revenue is found in Article X, Section 9 of the Oklahoma Constitution and provides as follows: "(a) Except as herein otherwise provided, the total taxes for all purposes on an ad valorem basis shall not exceed, in any taxable year, fifteen (15) mills on the dollar, no less than five (5) mills of which is hereby apportioned for school district purposes, the remainder to be apportioned between county, city, town and school district, by the County Excise Board, until such time as a regular apportionment thereof is otherwise provided for by the Legislature. In addition to the provisions in Article X, Section 9 supra, there are additional constitutional provisions for mill levies with respect to schools (Article X, Section 9); Department of Health (Article X, 9A); joint city/county libraries (Article X, Section 10A); etc. There has been however no constitutional provision allowing for an increase in the 15 cent mill tax levy to be used for joint county operation of ambulance service. If a county were not collecting the full 15 mill levy as provided in Article X, Section 9, there would be no prohibition to increasing the mill levy in accordance with that provision of the Oklahoma Constitution and making payment from the general operating budget of the county for the ambulance service. However, if the county's levy was already at the 15 mill limitation imposed by the Oklahoma Constitution, there is no authority for an additional mill levy to implement the ambulance service. It is therefore the opinion of the Attorney General that your first question be answered in the affirmative. The Board of County Commissioners is limited in contracting with a city for county-wide ambulance service insofar as the contract shall provide for the carrying of liability insurance in such amount as may be fixed and provided for minimum standards of service and equipment. Additionally the Board of County Commissioners may enter into such contract only if prior to the passage of Section 19 O.S. 371 [19-371], that Board had attempted to contract for such service. It is the opinion of the Attorney General that the answer to your second question is in the negative. Title 19 O.S. 381 [19-381] (1971) provides for a county-wide popular vote when making an extraordinary outlay of money. However since Section 371 authorizes the county to participate in a city-county ambulance service it is not an extraordinary outlay of money and must be provided for under the general operating budget of the county from tax levied in accordance with Article X, Section 9 of the Oklahoma Constitution. (Paul C. Duncan)